UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Strategic Import Supply, LLC, ) | Court File No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | **(Jury Trial Demanded)** |
| W & L International Express, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, STRATEGIC IMPORT SUPPLY, INC. ("SIS"), by its attorneys HINSHAW & CULBERTSON LLP, as and for its Complaint against Defendant, W& L INTERNATIONAL EXPRESS, INC. ("W&L"), alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. This is an admiralty and maritime dispute within the meaning of Rule 9(h), Fed. R. Civ. P.

2. SIS is a corporation organized and existing under the laws of the State of Minnesota and having its principle place of business in Minnesota.

3. W&L is a corporation organized and existing under the laws of the State of Illinois with its principle place of business in Illinois.

4. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This case involves the international carriage of goods by sea and, accordingly, falls within the admiralty and maritime jurisdiction of the federal courts.

6. Accordingly, this Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332-33.

1

7. Venue is appropriate in this District inasmuch as a substantial part of the events giving rise to the claim occurred in this District.

8. By written agreements, W&L agreed to toll any statute of limitations during the period from July 28, 2010, to December 10, 2010.

## THE FACTS

9. SIS is in the business of, *inter alia,* importing tires from China (and other nations) into the U.S.

10. W&L is in the business of carrying, or arranging for the carriage, of goods by sea into the U.S.

11. In July/August 2009, W&L agreed to carry, or arrange the carriage, by sea of tires from Shanghai, China to the U.S. on behalf of SIS. With respect to the shipments in question, it did so pursuant to W&L International Express, Inc. Bills of Lading, numbered MSCUS7227958 (export date 8/15/09, MSC Luisa), MSCUS7227974 (export date 8/15/09, MSC Mandraki), MSCUS7232701 (export date 8/15/09, MSC Socotra), MSCU7309764 (export date 8/22/09, MSC Florentina). The tires in question were delivered to W&L in good order and condition.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff realleges the allegations contained in the preceding paragraphs and incorporates them herein by reference.

13. Prior to shipment, on August 11, 2009, SIS advised W&L in writing, via e-mail, that it was facing the imposition of additional customs duties and, to avoid those duties, requested that W&L arrange for faster carriage of the tires. In so doing, SIS agreed to pay additional charges for faster transit.

14. That same day, Larry Wang of W&L acknowledged receipt of SIS's request and agreed in his e-mail response that "we will do what we can." With respect to certain shipment

out of Shanghai that day, Wang advised that it was too late to change to a faster transit time vessel. With respect to all other shipments, Wang stated that "[w]e will adjust to use all faster transit time vessels[.]"

15. Upon information and belief based upon subsequent comments made by Wang, it was not too late to change the shipments going out of Shanghai that day to faster transit time vessels.

16. Upon information and belief based upon subsequent comments made by Wang, W&L did not use faster transit time vessels as to the other shipments.

17. Upon information and belief based upon subsequent comments made by Wang, W&L intentionally put the cargo on normal, or even slower, transit time vessels with the intention of charging SIS for faster transit time vessels.

18. Had the cargo in question been placed aboard faster transit time vessels, as agreed, it would have cleared customs well in advance of September 26, 2009, when the additional customs duties went into effect.

19. As a result of W&L's failure to use faster transit time vessels, SIS has been damaged in the amount of approximately $116,000, representing the amount of additional customs duties it had to pay for importation of the tires.

20. W&L breached its agreement with SIS relating to use of faster transit time vessels.

21. W&L's breach has damaged SIS in the amount of approximately $116,000.

22. As a direct and proximate result of Defendant's breach of contract in regard to the carrying or arranging for the carriage of goods by sea above described, Plaintiff has suffered and

121272326v2 0905748 65915

continues to suffer and incur irreparable injury, pecuniary damages to be proven at trial, in the approximately amount of $116,000.

## COUNT II – NEGLIGENCE

23. Plaintiff realleges the allegations contained in the preceding paragraphs and incorporates them herein by reference.

24. Defendant had a duty to act in a commercially reasonable manner to provide Plaintiff with carriage of goods by sea that were not unreasonably slow and which were contrary to the directions Plaintiff provided to Defendant.

25. Defendant, instead, provided Plaintiff with carriage of goods by sea with arrangements that were unreasonably slow and would not, and did not arrive before the increased tariff, contrary to the direction of Plaintiff.

26. As a result, Defendant breached its duty and failed to provide Plaintiff with reasonable carriage of goods by sea.

27. As a direct and proximate result of Defendant's negligence in regard to the carrying or arranging for the carriage of goods by sea above described, Plaintiff has suffered and continues to suffer and incur irreparable injury, and pecuniary damages to be proven at trial, in the approximate amount of $116,000.

**WHEREFORE**, SIS respectfully requests the Court grant it the following relief:

1. An Order Plaintiff judgment against Defendant, in the amount of approximately $116,000 plus interest, costs, expenses and attorneys' fees; and

2. Such other and further relief as the Court deems just and warranted.

121272326v2 0905748 65915

Dated: December 10, 2010

        HINSHAW & CULBERTSON LLP

By:   <u>s/Peter L. Crema, Jr.</u>
      Thomas G. Wallrich     Reg. No. 213354
      Peter L. Crema, Jr.      Reg. No. 218868
      Heather L. Marx        Reg. No. 321163
      333 South Seventh Street, Suite 2000
      Minneapolis, MN 55402
      Telephone: 612-333-3434
      Fax: 612-334-8888
      twallrich@hinshawlaw.com
      pcrema@hinshawlaw.com
      hmarx@hinshawlaw.com

**ATTORNEYS FOR PLAINTIFF**